UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO HOTEL, LLC,<br><br>Defendant. | No. 2:19–cv–2041–TLN–CKD PS<br><br>ORDER TO SHOW CAUSE;<br><br>ORDER TO DEMONSTRATE PROPER SERVICE OF THE SUMMONS AND COMPLAINT |

Proceeding pro se, plaintiff filed this action against defendant Sacramento Hotel, LLC, on October 11, 2019. At plaintiff's request, the clerk's office entered a default against defendant Sacramento Hotel on January 28, 2020. (ECF No. 6.)

On November 12, 2020, the court ordered plaintiff to either proceed with a motion for default judgment or file a notice of dismissal of this action. Plaintiff filed a motion for default judgment on December 21, 2020. (ECF No. 11.) On December 23, 2020, the court issued a minute order advising plaintiff the motion was defective because it was not noticed on the hearing calendar in compliance with Local Rule 230(b).

On May 20, 2021, the motion for default judgment was still not properly noticed for a hearing in compliance with Local Rule 230(b). The court ordered plaintiff to show cause, in writing and within 21 days, why the motion for default judgment should not be stricken for

1

plaintiff's failure to comply with Local Rule 230 and why this case should not be dismissed for failure to prosecute and failure to comply with the court's orders and the local rules. Plaintiff was warned that failure to respond to the order to show cause could result in the imposition of sanctions, including dismissal of plaintiff's claims against defendant. (ECF No. 15.)

On June 6, 2021, plaintiff filed a properly noticed motion for default judgment. (ECF No. 16.) Plaintiff did not, however, respond in writing and within 21 days of the May 20, 2021 order to show cause why the case should not be dismissed for failure to prosecute and failure to comply with the court's orders and the local rules.

Plaintiff's noticing of the motion for default judgment for a hearing on August 18, 2021 does not suffice to satisfy the requirement of a written response to the order to show cause. As such, plaintiff will be ordered to show cause, in writing and within 14 days of service of this order, why the court should not impose sanctions in the form of a $250 fine on plaintiff for failing to file a written response to the May 20, 2021 order to show cause. See Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."); Local Rule 183 ("All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012)).

In addition, plaintiff did not serve a copy of the motion for default judgment on defendant. Service of such a motion on a defendant who has been properly served and who has not appeared is not generally required. See Fed. R. Civ. P. 55(b)(2); Local Rule 135(d). Upon inspection of the return of service for the summons and the complaint, however, the return does not sufficiently establish that defendant was properly served with those documents.

Federal law allows service of process by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode or delivery to an authorized agent. Fed R. Civ. P. 5(b). Here, the return of service indicates the summons and complaint were left with "C/O-Agent for Service of Process: The Corporation Trust Company" at the Corporate

Trust Center in Wilmington, Delaware. (ECF No. 4.) According to information maintained by the California Secretary of State, the Corporation Trust Company is not and was not the registered agent for service on Sacramento Hotel, LLC.[1]

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. See Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Because it appears the return of service for the summons and the complaint does not establish that defendant was properly served with those documents, plaintiff must take further action to demonstrate proper service of the complaint and summons on the defendant named in this action at this time.

Plaintiff is cautioned that failure to timely file a proof of service, amended proof of service, supplemental affidavits, or other briefing demonstrating proper service of the complaint and summons on the defendant and/or failure to timely file a written response to this order to show cause may result in the imposition of sanctions. Such sanctions may include monetary sanctions as described and, in addition, up to and including dismissal of this action.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff is ordered to show cause, in writing and within 14 days of service of this order, why the court should not impose sanctions in the form of a $250 fine on plaintiff for plaintiff's failure to file a written response to the May 20, 2021 order to show cause; and

2. Within 30 days of service of this order, plaintiff shall file either a proof of service, amended proof of service, supplemental affidavits, or other briefing demonstrating proper service of the complaint and summons on the defendant named in this action.

Dated: June 17, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Strojnik19cv2041.osc.summons

---

[1] See generally, https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201522910238-26461794 (last visited June 15, 2021).

3